IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT L. STRASSER,

        Plaintiff,

vs.                                            Case No. 5:25-cv-81
                                                   Judge:    Bailey

BRENT A. STRASSER,

        Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR MORE DEFINITE STATEMENT**

Pursuant to this Court's January 27, 2026 Order, the plaintiff, by counsel, states the following for his response to the defendant's Motion for More Definite Statement.

## Factual Background

The defendant's motion claims that paragraphs 28-31 of the Complaint are too vague and not pled with sufficient particularity in violation of Rule 12(e) of the Federal Rules of Civil Procedure. The Complaint is attached as Exhibit 1 to the defendant's motion. Count III of the Complaint at paragraphs 27-32 states a claim for fraud and undue influence.

The defendant's motion ignores paragraph 27 which restates the allegations in paragraphs 1-26 of the Complaint. Paragraphs 7-15 of the Complaint describe with particularity the actions of defendant Strasser which constituted fraud and undue duress and provides dates as much as are currently known.

Paragraph 28 of the Complaint alleges that defendant Strasser exercised undue over Martha Strasser to misappropriate trust assets. Paragraphs 7-15 describe how this occurred in as much detail as is currently known. It is believed that defendant Strasser obtained the durable

1

power of attorney of Martha Strasser through deception or other nefarious means to accomplish the necessary amendments to the trusts to disinherit the plaintiff.

Paragraph 29 of the Complaint alleges that defendant Strasser fraudulently obtained the power of attorney for Martha Strass and utilized this power to misappropriate trust funds. Paragraph 29 alleges the date of the undue influence. The plaintiffs require discovery to determine the exact amount of misappropriated assets; at this point plaintiff alleges all trust assets were misappropriated as the Complaint alleges.

Paragraph 30 of the Complaint alleges that the amendments to the trust after November 24, 2024 were induced by fraud, duress or undue influence. Paragraph 30 relates back to paragraphs 28 and 29 and relies on the allegations in paragraphs 7-15. Paragraphs 12 and 13 of the Complaint specifically allege how the trust documents were amended.

Paragraph 31 of the Complaint alleges that defendant Strasser exercised undue influence over Martha Strasser to gain control over the assets of the trusts. Paragraph 31 relates back to and is referencing the allegations in paragraphs 27-30 of the Complaint which provide sufficient particularity for the allegations in paragraph 31.

Legal Argument

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a claim for relief be "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e) provide that "pleadings must be construed so as to do justice." Rule 12(e) permits a trial court to require a more definite statement when a pleading is so vague or ambiguous that a party cannot reasonable prepare a response.

It cannot reasonable be said that the Complaint at Count III is so vague and ambiguous that the defendant cannot reasonably prepare a response. As laid out above, the plaintiff alleged

specific facts, acts, and dates, as a are currently known, to demonstrate how the defendant engaged in fraud or exercised undue influence to gain control improperly over trust assets. As indicated, the parties will gain more particular knowledge of the claim when discovery is conducted and especially when a subpoena is issued to the applicable financial institution in this case.

<u>Conclusion</u>

For the reasons stated herein, defendant's motion for more definite statement should be denied as the plaintiff's Complaint sufficient complies with the Rule 8 requirements of a pleading.

Respectfully Submitted:

                                    /s/ *David L. Delk, Jr.*
                                    Counsel for Plaintiff

David L. Delk, Jr. (#6883)
GROVE, HOLMSTRAND & DELK, PLLC
44 ½ 15th Street
Wheeling, WV 26003
(304) 905-1961

## CERTIFICATE OF SERVICE

      I, David L. Delk, hereby certify that a true and accurate copy of the foregoing Response was served upon the following individuals via the Court's ECF system this February 9, 2026:

              MARK D. PANEPINTO, ESQ.
              955 National RoadWheeling, WV 26003
              (304) 232-9500
              mark@panepintolaw.com
              *Counsel for Defendant Brent Strass*

.

/s/ *David L. Delk, Jr.*
Counsel for Plaintiff

David L. Delk, Jr. (#6883)
GROVE, HOLMSTRAND & DELK, PLLC
44 ½ 15th Street
Wheeling, WV 26003
(304) 905-1961