# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**ROBERT L. STRASSER,**

   Plaintiff,

  v.          **CIVIL ACTION NO. 5:25-CV-81**
               Judge Bailey

**BRENT A. STRASSER,**

   Defendant.

## ORDER

Pending before this Court is defendant's Motion for More Definite Statement Pursuant to Rule 12(e) / Motion to Dismiss [Doc. 12], filed January 27, 2026.[1]  Plaintiff filed a Response [Doc. 13] on February 9, 2026.  Defendant filed a Reply [Doc. 17] on February 17, 2026.  This matter is now ripe for adjudication.  For the reasons that follow, this Court will deny defendant's Motion for More Definite Statement Pursuant to Rule 12(e) / Motion to Dismiss.

---

[1]This Motion was originally filed in the Circuit Court of Ohio County, West Virginia, on April 7, 2025.  On January 27, 2026, in plaintiff's Motion to Modify Scheduling Order, plaintiff noted:
> At the time of the removal of this case defendant Brent Strasser had a pending motion for more definite statement. That motion was not brought to this Court's attention and remains pending. Defendant Brent Strasser has never responded to plaintiff's Complaint.

[Doc. 10 at 1].  At the Court's direction, the Clerk's Office filed the Motion for More Definite Statement on the above-styled docket for the Court to consider.

### Background

This case was originally filed in the Circuit Court of Ohio County, West Virginia, on March 11, 2025. *See* [Doc. 1-1]. Defendant filed a Notice of Removal on April 11, 2025. *See* [Doc. 1].

As alleged in the Complaint, Robert L. Strasser ("plaintiff") and Brent A. Strasser ("defendant") are siblings and children of F. Lee and Martha Strasser, both of whom are now deceased. [Doc. 1-1 at ¶ 6]. During their lifetimes, F. Lee and Martha established multiple trusts managed by Schwab, and plaintiff and defendant served as trustees on certain trusts, including an irrevocable marital trust. [Id. at ¶¶ 7–11]. Without plaintiff's knowledge or authorization, the Complaint alleges trust assets were transferred and trust documents were amended—actions facilitated by Schwab—resulting in plaintiff's removal as trustee and beneficiary. [Id. at ¶¶ 12–13]. As a result of this alleged unlawful conduct, including undue influence by defendant over Martha, plaintiff claims he lost trust interests exceeding $2 million. [Id. at ¶¶ 14–15].

The Complaint asserts four (4) causes of action:

(1)   Breach of Contract;

(2)   Negligence;

(3)   Fraud and Undue Influence; and

(4)   Conversion.

*See* [Doc. 1-1 at ¶¶ 16–36].

Defendant filed his Motion for More Definite Statement Pursuant to Rule 12(e) / Motion to Dismiss on January 27, 2026. *See* [Doc. 12]. Therein, defendant moves

this Court for an Order for "a more particular statement requiring the Plaintiff to set forth and recite the requisite Rule 9(b) particularities and specifics of the precise conduct which the Plaintiff contends constitutes fraud, duress, and undue influence relative to Count III of the underlying Complaint." [Id. at 5]. Alternatively, defendant moves that Count III be dismissed in the absence of timely compliance with Rule 9(b). [Id.].

In response, plaintiff asserts he alleged "specific facts, acts, and dates, as a (sic) are currently known, to demonstrate how the defendant engaged in fraud or exercised undue influence to gain control improperly over trust assets." [Doc. 13 at 3]. Plaintiff notes that "the parties will gain more particular knowledge of the claim when discovery is conducted and especially when a subpoena is issued to the applicable financial institution in this case." [Id.].

### Rule 12(e) Standard[2]

Pursuant to Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion has a "higher standard than that of a Rule 12(b)(6) motion in that a pleading which satisfies the liberal pleading standards may be nonetheless appropriately challenged as overly vague with a Rule 12(e) motion." **White v. Homer Laughlin China Co.**, 2019 WL 2518138, at *2 (N.D. W.Va. June 18, 2019) (Stamp, Jr., J.) (citing 5B Wright & Miller

---

[2]The Motion cites West Virginia Rule of Civil Procedure 12(e), as it was originally filed in state court. See [Doc. 12]. Because this matter is now before a federal court, however, Federal Rule of Civil Procedure 12(e) governs the Court's analysis. The two (2) provisions are substantively identical and apply the same standard for a motion for a more definite statement; accordingly, the distinction has no practical effect on the analysis.

Federal Practice and Procedure § 1356). "Motions for more definite statement are viewed with disfavor, and are rarely granted." Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial*, § 9:351 (2008) (citing **Rahman v. Johanns**, 501 F.Supp.2d 8, 19 (D. D.C. 2007)).

The standard set forth by the wording of Rule 12(e) was not intended to require the plaintiff to state with any high level of specificity the facts upon which his or her claims rely. **Hodgson v. Virginia Baptist Hosp.**, 482 F.2d 821, 823 (4th Cir. 1973). In fact, the drafters of the rules only intended to ensure that sufficient facts be pleaded so that the defendant can reasonably form a response. *Id*. "[T]he rules specifically restrict the motion for a more definite statement to pleadings which are so highly vague and ambiguous that the opposing party simply cannot be expected to form a meaningful response." **White**, 2019 WL 2518138 at *2. "'If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied.'" **E.E.O.C. v. 5042 Holdings Ltd.**, 2010 WL 148085, at *1 (N.D. W.Va. Jan. 11, 2010) (Bailey, C.J.) (quoting **Beery v. Hitachi Home Electronics (America), Inc.**, 157 F.R.D. 477, 480 (C.D. Cal. Oct. 18, 1993)).

<u>Discussion</u>

Rule 8 provides that, for most causes of action, a complaint need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Special matters, such as fraud or mistake, however, must be pled with "particularity." Fed. R. Civ. P. 9(b). Specifically, Rule 9 requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with

particularity." Fed. R. Civ. P. 9(b). "[T]he 'circumstances' required to be plead with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir.1999) (quoting 5 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 1297, at 590 (2d ed.1990)). A plaintiff's failure to meet the specific pleading requirements of Rule 9(b) may result in dismissal of the complaint. *See* ***Vess v. Ciba-Geigy Corp. USA***, 317 F.3d 1097 (9th Cir. 2003); ***Lasercomb Am., Inc. v. Reynolds***, 911 F.2d 970, 980 (4th Cir.1990).

Count III of the Complaint alleges as follows:

28. Defendant Brent Strasser exercised undue influence over Martha Strasser to misappropriate and misuse the funds and assets of the Martha Strasser Trust.

29. Defendant Brent Strasser fraudulently obtained the power of attorney for Martha Strasser on November 24, 2024. Defendant Brent Strasser utilized this power of attorney to misappropriate and misuse the funds of the Martha Strasser Trust.

30. The amendments to the Martha Strasser trust after November 24, 2020 were induced fraud, duress or undue influence and are void pursuant to West Virginia law.

31. Plaintiff was a beneficiary of the Martha Strasser trust until defendant Brent Strasser exercised undue influence over Martha Strasser to gain control over the assets of the trust.

32. As a result of the unlawful conduct of defendant Strasser, the plaintiff experienced damages and financial losses.

[Doc. 1-1 at ¶¶ 28–32].

With respect to the above paragraphs, defendant argues all paragraphs are "vague" and asserts the following for each paragraph:

For Paragraph 28, plaintiff "should be required to plead specifics and state the precise nature, as well as the approximate date and time, of the alleged undue influence, as well as to state what specifically is alleged to have been misappropriated and misused." [Doc. 12 at ¶¶ 2–3].

For Paragraph 29, plaintiff "should be required to plead specifics and state the precise nature of how and when Defendant Brent Strasser allegedly fraudulently obtained the power of attorney for Martha Strasser, as well as details and specifics relative to how it is alleged that Defendant Brent Strasser utilized this power of attorney to misappropriate and misuse the funds of the Martha Strasser trust, as well as state what specific funds were allegedly misused." [Id. at ¶¶ 4–5].

For Paragraph 30, plaintiff "should be required to plead specifics and state the precise nature and identify which amendments to the Martha Strasser trust after November 24, 2020, were induced fraud, duress, or undue influence that Plaintiff alleges are void pursuant to West Virginia law, and, to specifically identify the alleged conduct, with particularity, which is alleged to constitute fraud, duress, or undue influence, and when said

6

amendments were allegedly made." [Id. at ¶¶ 6–7].

For Paragraph 31, plaintiff "should be required to plead specifics and state the precise nature, and approximate date and time of the alleged undue influence of defendant Brent Strasser, to gain control over the assets of the Martha Strasser trust, as well as to state how the actions of Brent Strasser allegedly caused Plaintiff to no longer be a beneficiary of the Martha Strasser trust." [Id. at ¶¶ 7–8].

Defendant argues as currently pled in the Complaint, he cannot reasonably and adequately frame a responsive pleading to answer and defend the fraud, duress, and undue influence allegations as those allegations are not plead with the requisite particularity nor specificity as envisioned and required by Rule 9(b) of the Federal Rules of Evidence. [Id. at ¶ 10].

In Response, plaintiff argues defendant ignores Paragraphs 7–15 of the Complaint, which describe with particularity the actions of defendant which constituted fraud and undue duress and provides dates as much as are currently known. [Doc. 13 at 1]. Plaintiff argues the following with respect to each paragraph:

For Paragraph 27, plaintiff argues Paragraphs 7–15 "describe with particularity the actions of defendant which constituted fraud and undue duress and provides dates as much as are currently known." [Id.].

For Paragraph 28, plaintiff argues Paragraphs 7–15 "describe how this occurred in as much detail as is currently known." [Id.].

For Paragraph 29, plaintiff states discovery is required to determine the exact amount of misappropriated assets. [Id. at 2].

For Paragraph 30, plaintiff asserts Paragraph 30 relates back to Paragraphs 28 and 29 and relies on the allegations in Paragraphs 7–15. [Id.]. Plaintiff states Paragraphs 1 and 13 specifically allege how the trust documents were amended. [Id.].

For Paragraph 31, plaintiff asserts Paragraph 31 relates back to and is referencing the allegations in Paragraphs 27–30, which provide sufficient particularity for the allegations in Paragraph 31. [Id.].

Based on an application of the above standard for a motion for a more definite statement, this Court finds that plaintiff's Complaint is sufficient enough for defendant to ascertain the nature of the claims being asserted. Plaintiff has alleged specific facts, acts and dates, as are currently known, to demonstrate how defendant engaged in fraud or exercised undue influence to gain control improperly over trust assets. Moreover, this Court believes the details defendant seeks will be obtained through discovery.

## Conclusion

For the foregoing reasons, this Court finds that defendant's Motion for More Definite Statement Pursuant to Rule 12(e) / Motion to Dismiss [**Doc. 12**] should be, and hereby is, **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: February 18, 2026.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE