**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| **ROBERT L. STRASSER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 5:25-CV-81 |
| ) | Judge Bailey |
| **BRENT A. STRASSER,** ) | |
| ) | |
| Defendant. ) | |

**ANSWER AND COUNTERCLAIM**

NOW COMES the Defendant, Brent A. Strasser, by and through his counsel, Mark D. Panepinto, and for his Answer to the Complaint, states as follows:

**ANSWER**

**FIRST DEFENSE**

1. This Defendant admits the averments contained in paragraph 1 of the Plaintiff's Complaint.

2. This Defendant admits the averments contained in paragraph 2 of the Plaintiff's Complaint. This Defendant, Brent A. Strasser, considers himself a resident of the state of Florida.

3. This Defendant is without sufficient information to admit or deny paragraph 3 of the Plaintiff's Complaint.

4. This Defendant is without sufficient information to admit or deny paragraph 4 of the Plaintiff's Complaint.

5. This Defendant is without sufficient information to admit or deny paragraph 5 of the Plaintiff's Complaint.

6. This Defendant admits the averments contained in paragraph 6 of the Plaintiff's Complaint.

7. This Defendant denies the averments contained in paragraph 7 of the Plaintiff's Complaint. This Defendant, Brent A. Strasser, has knowledge of the existence of A-B trust agreements at WesBanco, however, said A-B trust agreements were intentionally left unfunded for decades.

8. This Defendant admits the averments contained in paragraph 8 of the Plaintiff's Complaint, however said trusts were at WesBanco, not Schwab, and said trusts were intentionally left unfunded, as aforesaid.

9. This Defendant denies the averments contained in paragraph 9 of the Plaintiff's Complaint.

10. This Defendant denies the averments contained in paragraph 10 of the Plaintiff's Complaint.

11. This Defendant denies the averments contained in paragraph 11 of the Plaintiff's Complaint.

12. This Defendant denies the averments contained in paragraph 12 of the Plaintiff's Complaint.

13. This Defendant denies the averments contained in paragraph 13 of the Plaintiff's Complaint.

14. This Defendant denies the averments contained in paragraph 14 of the Plaintiff's Complaint.

15. This Defendant denies the averments contained in paragraph 15 of the Plaintiff's Complaint.

16. This Defendant restates his responses to the preceding paragraphs 1 to 15.

17. Paragraph 17 states legal conclusions for which no response is required.

18. Paragraph 18 states legal conclusions for which no response is required.

19. This Defendant denies the averments contained in paragraph 19 of the Plaintiff's Complaint.

20. This Defendant denies the averments contained in paragraph 20 of the Plaintiff's Complaint.

21. This Defendant restates his responses to the preceding paragraphs 1 to 20.

22. Paragraph 22 states legal conclusions for which no response is required.

23. Paragraph 23 states legal conclusions for which no response is required.

24. Paragraph 24 states legal conclusions for which no response is required.

25. Paragraph 25 states legal conclusions for which no response is required.

26. Paragraph 26 states legal conclusions for which no response is required.

27. This Defendant restates his responses to the preceding paragraphs 1 to 26.

28. This Defendant denies the averments contained in paragraph 28 of the Plaintiff's Complaint.

29. This Defendant denies the averments contained in paragraph 29 of the Plaintiff's Complaint, and clarifies that no power of attorney was executed on November 24, **2024**, and that the November 24, 2020, power of attorney was not fraudulently obtained.

30. This Defendant denies the averments contained in paragraph 30 of the Plaintiff's Complaint.

31. This Defendant denies the averments contained in paragraph 31 of the Plaintiff's Complaint.

32. This Defendant denies the averments contained in paragraph 32 of the Plaintiff's Complaint.

33. This Defendant restates his responses to the preceding paragraphs 1 to 32.

34. Paragraph 34 states legal conclusions for which no response is required.

35. This Defendant denies the averments contained in paragraph 35 of the Plaintiff's Complaint.

36. This Defendant denies the averments contained in paragraph 36 of the Plaintiff's Complaint.

**SECOND DEFENSE**

This Defendant moves to dismiss the Plaintiff's Complaint as it fails to state a claim against this Defendant upon which relief can be granted.

**WHEREFORE,** this Defendant, Brent A. Strasser, prays that the Plaintiff's Complaint against him be dismissed and that he be ordered his costs, including attorney's fees in defense of this civil action.

NOW COMES the Defendant, Brent A. Strasser, by and through his counsel, Mark D. Panepinto, and for his Counterclaim, states as follows:

## COUNTERCLAIM

1. This Defendant, Brent A. Strasser, re-states and avers his previous Answer to the Plaintiff's Complaint as if specifically set forth hereinabove.

2. Counterclaim Plaintiff, Brent A. Strasser, is a resident of the state of Florida.

3. Counterclaim Defendant, Robert L. Strasser, is a resident of Ohio County, West Virginia.

4. Venue and jurisdiction for this counterclaim is proper in this Court.

5. The facts constituting the causes of action in this counterclaim occurred in Ohio County, West Virginia.

Abuse of Process / Malicious Prosecution

6. Robert L. Strasser, as trustee of the unfunded trusts of F. Lee Strasser and Martha Strasser, at WesBanco Bank Wheeling, is aware that no monetary assets were ever transferred to the irrevocable trusts which form the basis of Plaintiff's Complaint. Robert L. Strasser, as trustee of those trusts, has firsthand knowledge that the aforesaid trusts were intentionally never funded for decades, and Robert L. Strasser was not required to perform any duties, as trustee, relative to management of trust assets.

7. Robert L. Strasser is aware of the complete falsity of paragraphs 7 and 9 through 15 of his Complaint, and lacks probable cause for these and other averments of the Complaint and brings the action maliciously, willfully, with spite, ill will, with conscious disregard for the rights of Brent A. Strasser.

8. As a result of the actions of Robert L. Strasser, Brent A. Strasser has and will suffer actual damages, including monetary loss and emotional distress.

**WHEREFORE**, this Defendant/Counterclaim Plaintiff, Brent A. Strasser, respectfully requests judgment from this Court, in an amount in excess of the minimum jurisdictional limits, as follows:

a. Compensation for his damages and losses;

b. Applicable interest;

c. Costs and attorney's fees; and

d. For such further relief, pursuant to the West Virginia law, as may be appropriate under the circumstances.

**<u>DEFENDANT DEMANDS TRIAL BY JURY.</u>**

Respectfully submitted,

/s/ Mark D. Panepinto
Mark D. Panepinto WV Bar Number:7584
Attorney for Defendant
Panepinto Law Offices
955 National Road
Wheeling, WV 26003
Telephone: (304) 232-9500
          (304) 215-7003
Fax: (304) 232-8500
E-mail: mark@panepintolaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| **ROBERT L. STRASSER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO. 5:25-CV-81** |
| ) | **Judge Bailey** |
| **BRENT A. STRASSER,** ) | |
| ) | |
| **Defendant.** ) | |

**CERTIFICATE OF SERVICE**

I, Mark D. Panepinto, hereby certify that a true and accurate copy of the foregoing *Answer and Counterclaim* was served upon the following individual(s) via the Court's ECF system on February 26, 2026:

> David L. Delk, Jr., Esq.
> Grove, Holmstrand & Delk, PLLC
> 44 ½ 15th Street
> Wheeling, WV 26003
> (304) 905-1961
> ddelk@grovedelklaw.com
> *Counsel for Plaintiff Robert L. Strasser*

/s/ Mark D. Panepinto
Mark D. Panepinto WV Bar Number:7584
Attorney for Defendant
Panepinto Law Offices
955 National Road
Wheeling, WV 26003
Telephone: (304) 232-9500
          (304) 215-7003
Fax: (304) 232-8500
E-mail: mark@panepintolaw.com

G:\CLIENTS\WV\Cont\Strasser\US District Ct\Answer & Counterclaim.wpd